J-S24029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA          IN THE SUPERIOR COURT OF
                                                                PENNSYLVANIA
                    Appellee

              v.

RAHMIL FIELDS

                    Appellant                         No. 2887 EDA 2014

Appeal from the PCRA Order September 23, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003495-2007

BEFORE: GANTMAN, P.J., ALLEN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED APRIL 01, 2016**

Appellant, Rahmil Fields, is before us upon remand from the Pennsylvania Supreme Court with regard to his appeal from the Philadelphia County Court of Common Pleas order that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On October 26, 2006, then seventeen-year-old Appellant shot and killed a victim in Philadelphia. A jury convicted Appellant on October 14, 2008, of first degree murder. The court immediately imposed an automatic life sentence without the possibility of parole ("LWOP"). Appellant timely filed a direct appeal on November 12, 2008, which was later dismissed on February 4, 2010, for counsel's failure to file a brief. Although this Court directed counsel to notify Appellant of the dismissal and file in this Court a certification of that notice, counsel did not comply. Following an inquiry and

complaint to the state disciplinary board, Appellant learned on September 29, 2011, that his appeal had been dismissed.

On August 2, 2012, Appellant mailed a *pro se* pleading (filed August 7, 2012) to the court, asking for the appointment of counsel for purposes of seeking collateral relief under ***Miller v. Alabama***, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which had been recently filed on June 25, 2012. The court did not respond. On October 10, 2012, Appellant filed a *pro se* PCRA petition. The court appointed counsel on July 12, 2013, who filed an amended PCRA petition on October 30, 2013. Counsel filed a second amended petition on December 7, 2013, seeking *habeas corpus* and PCRA relief and citing ***Miller*** both as an exception to the PCRA timeliness requirements and as a basis for substantive relief. The court issued Rule 907 notice on July 15, 2014, and dismissed the petition on September 26, 2014. On appeal, this Court affirmed the denial of PCRA relief, pursuant to ***Commonwealth v. Cunningham***, 622 Pa. 543, 81 A.3d 1 (2013) (holding ***Miller*** does not apply retroactively to sentences which became final before the filing date of ***Miller*** (June 25, 2012)).

On February 24, 2016, our Supreme Court vacated this Court's disposition and later remanded the case for reconsideration under ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016 WL 280758 *12) (filed January 25, 2016, and revised on January 27, 2016) (holding ***Miller*** applies retroactively to cases on collateral review).

Because Appellant was seventeen years old at the time of his offense, he falls within the class of juvenile offenders who might benefit from the **Montogmery/Miller** decisions. **See Commonwealth v. Secreti**, ___ A.3d ___, 2016 PA Super 28 (filed February 9, 2016) (holding retroactivity under **Montgomery** is effective as of date of **Miller** decision; orders denying PCRA relief in cases involving **Montgomery/Miller** must be reversed and remanded for resentencing consistent with this new rule of substantive law and **Commonwealth v. Batts**, 620 Pa. 115, 131-32, 66 A.3d 286, 296 (2013)).

> [A]t a minimum [the court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

**Id.** at 133, 66 A.3d at 297. Taking such factors into consideration, the imposition of a minimum sentence in all but the most egregious cases, is the most appropriate remedy for the federal constitutional violation that occurs when a court has mechanically and mandatorily applied a LWOP sentence on a juvenile offender. **Id.**

Here, Appellant was a seventeen-year-old juvenile when he shot and killed a victim in Philadelphia on October 26, 2006. Appellant's second amended PCRA petition asserted a new constitutional right under **Miller,**

*supra*, both as an exception to the statutory timeliness requirements and for the purposes of substantive relief. Appellant's petition was denied under *Cunningham, supra*. In light of more recent case law, however, *Cunningham* no longer controls in this context. *See Secreti, supra*. Accordingly, we reverse the PCRA court's order, vacate Appellant's judgment of sentence, and remand for resentencing in accordance with *Batts, supra*.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

Judge Allen did not participate in the consideration or decision of this case.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2016